THE STATE OF FLORIDA, *ex rel.*, EMMET WILSON, AS STATE ATTORNEY, *Plaintiff in Error*, v. THE CITY OF PENSACOLA, A MUNICIPAL CORPORATION, *Defendant in Error*.

## Opinion Filed Feb. 4, 1913.

1. An act exempting physicians from an occupation tax may be repealed by a subsequent legislature in a general license law.

2. The failure of the legislature to tax for State purposes an occupation exempted by a previous legislature from taxation, does not prohibit taxation by municipalities, authorized by the later act to tax for municipal purposes all occupations not mentioned therein.

3. The City of Pensacola may impose an occupation tax upon physicians and surgeons practicing their professions within that municipality.

Writ of Error to the Circuit Court for Escambia County.

*Avery & Price,* for Plaintiff in Error;

*John B. Jones,* for Defendant in Error.

COCKRELL, J.—This is an action by *quo warranto* brought by the State Attorney for the First Judicial Circuit, to test the power of the City of Pensacola to impose a revenue license tax upon the physicians and surgeons practicing their profession within the corporate limits of the city. The case was decided by the Circuit Court in favor of the city.

All questions that might arise as to the form of action are expressly waived by the city and we are asked to decide upon this record as to the power to impose the license tax.

The Legislature in 1905, passed an act exempting regular practicing physicians and surgeons from the payment of any licenses tax—Chapter 5481, Laws of 1905. In 1907, a general law, Chapter 5597, was passed imposing licenses and other taxes, the second section reading:

"Counties and incorporated cities and towns may impose such further taxes of the same kind upon the same subjects as they may deem proper, unless otherwise provided in this act, when the business, profession or occupation shall be engaged in within such county, city or town. The tax imposed by such county, city or town shall not exceed fifty per cent of the State tax. But such county, city or town may impose taxes on any business, profession or occupation not mentioned in this act, when engaged in or managed within such county, city or town."

This act mentions numerous businesses, professions or occupations, but does not mention physicians and surgeons.

In 1909 the Legislature passed an act (Chap. 6087) supplementory to the then existing Pensacola Charter, and extending its powers, the first section whereof reads:

"That the Mayor and City Council of the City of Pensacola are hereby authorized to levy and impose license taxes for municipal purposes upon any and all occupations and upon any and all privileges and to grade and fix the amount to be paid as fully and to the same extent and in the same manner that the Legislature could impose such licenses and taxes, for city purposes and without regard to any of the provisions of the general revenue law of this State not specially repealing this Act."

We have quoted the language of this special act merely to show that it does not limit or cut down the power to impose the tax authorized under the General Act of 1907.

The State must be given a liberal range in reaching

out after the means for its maintenance, and exemptions, not amounting to a vested right, are not lightly to be treated as fixed and irrevocable.

The exempting act had not become a fixed policy of this Government; in fact it barely became a law, not having the active assent of the Governor, who permitted it to become a law without his signature, and to receive the legislative assent apparently required a concession, in that its effectiveness was postponed beyond the usual time. At the next session of the legislature, while it did not impose for State purposes a license tax upon physicians and surgeons, as it did do in 1903, it remitted by express directions to Counties and incorporated cities and towns, the power to impose a license tax on any profession not mentioned in the act. When the profession was mentioned, these subsidiary governments were limited to one-half the tax imposed for State purposes.

We are not concerned with the implied repeal by general act of a power conferred by special act, as would have been the case had cities under special charter have attempted in 1906 to impose a license tax upon physicians and surgeons. The condition before us is that the legislature having exempted these professions in 1905, failed or refused in 1907 to continue that exemption, when conferring upon municipalities the power to tax, and to this extent the general repealing clause, if needed for the construction of that act, repealed the former exemption enjoyed for a brief period by that honored profession.

The title to the General Act of 1907 put the world upon notice that the legislature was dealing with the subject of occupation taxes, and it was wholly unnecessary to place therein the cognate subsidiary matter, properly con-

nected therewith that the act might affect previous exemptions.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.